UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUDY SUMI ITO E.,<br><br>         Plaintiff,<br><br>v.<br><br>ANDREW SAUL, Commissioner of Social Security,<br><br>         Defendant. | Case No.: 3:19CV804-KSC<br><br>**ORDER RE: PLAINTIFF AND DEFENDANT'S CROSS-MOTIONS FOR SUMMARY JUDGMENT** |

On May 5, 2019, plaintiff Judy Sumi Ito E. filed a Complaint pursuant to 42 U.S.C. § 405(g) seeking judicial review of a decision by the Commissioner of Social Security denying her application for a period of disability and disability insurance benefits. (Doc. No. 1.) Now pending before the Court and ready for decision are the parties' cross-motions for summary judgment. For the reasons set forth herein, the Court GRANTS IN PART and DENIES IN PART plaintiff's motion for summary judgment and DENIES the Commissioner's cross-motion for summary judgment. The case is remanded to the Social Security Administration for further proceedings consistent with this Order.

*//*

1

3:19CV804-KSC

## I. PROCEDURAL BACKGROUND

On August 4, 2015, plaintiff filed an application for disability insurance benefits under Title II of the Social Security Act. (Certified Administrative Record "AR" 214-216.) She also protectively filed a Title XVI application for supplemental security income on July 31, 2015. (*Id*. 217-225.) In both applications she alleged disability beginning on February 1, 2013. (*Id*. 215, 217.) After her applications were denied at the initial stage and upon reconsideration (*Id*. 101-110, 111-114, 118-121), plaintiff requested an administrative hearing before an administrative law judge ("ALJ") (*Id*. 126-127). An administrative hearing was held on November 29, 2017. Plaintiff appeared at the hearing with counsel, and testimony was taken from her and a vocational expert. (*Id*. 34-77.)

As reflected in his April 4, 2018, hearing decision, the ALJ found plaintiff had not been under a disability, as defined in the Social Security Act, from her alleged onset date through the date of the ALJ's decision. (*Id*. 22-28.) The ALJ's decision became final on March 5, 2019, when the Appeals Council denied plaintiff's request for review. (*Id*. 5-10.) This timely civil action followed.

## II. SUMMARY OF THE ALJ'S FINDINGS

In rendering his decision, the ALJ followed the Commissioner's five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920. At step one, the ALJ found plaintiff did not engage in substantial gainful activity from February 1, 2013, her alleged onset date, through the date of the ALJ's decision. (*Id*. 22.)

At step two, the ALJ found that plaintiff had the following severe impairments: degenerative disc disease, diabetes mellitus and diabetic neuropathy. He also found at this step that plaintiff's depression was a medically determinable mental impairment that was not severe. (*Id*.)

At step three, the ALJ found plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments listed in the Commissioner's Listing of Impairments. (*Id*. 23.)

Next, the ALJ determined plaintiff had the residual functional capacity ("RFC") to perform sedentary work as defined in 20 C.F.R. §§ 404.1567(a) and 416.967(a), except she can occasionally operate a motor vehicle, climb ramps and stairs but can never crawl, use foot controls or work at unprotected heights. (*Id*. 23-27.)

At step four, the ALJ determined plaintiff was able to perform her past relevant work as an office manager and as a general ledger bookkeeper and, thusly, he did not proceed to a determination as to whether plaintiff is able to perform other relevant work, at step five. (*Id*. 27-28.)

## III. DISPUTED ISSUES

The disputed issues plaintiff has raised as the grounds for reversal and remand are as follows:

1. Whether the ALJ's finding that plaintiff's mental impairment is not severe is supported by substantial evidence (Doc. No. 10, pp. 3-6[1]); and

2. Whether the ALJ properly evaluated plaintiff's subjective complaints and credibility (*Id*., pp. 6-10).

## IV. STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. *DeLorme v. Sullivan*, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla" but less than a preponderance. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Desrosiers v. Sec'y of Health & Human Servs*., 846 F.2d 573, 575-76 (9th Cir. 1988). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. This Court must review the record as

---

[1] When referring to page numbers for documents filed with the Court, the Court uses the page numbering assigned by the Court's ECF system.

a whole and consider adverse as well as supporting evidence. *Green v. Heckler*, 803 F.2d 528, 529-30 (9th Cir. 1986). Where evidence is susceptible of more than one rational interpretation, the Commissioner's decision must be upheld. *Gallant v. Heckler*, 753 F.2d 1450, 1452 (9th Cir. 1984).

## V. DISCUSSION

### A. Reversal is not Warranted Based on the ALJ's Finding Plaintiff's Depression is not Severe

At step two, the ALJ found that plaintiff's "medically determinable mental impairment of depression does not cause more than minimal limitation in [her] ability to perform basic mental work activities and is[,] therefore[,] non-severe." (AR 22.) In making this finding, the ALJ considered the four areas of mental functioning set out in the disability regulations for evaluating mental disorders, referred as the "paragraph B criteria." (*Id.*, citing 20 CFR, Part 404, Subpart P, Appendix 1.)

The first functional area considered was understanding, remembering, or applying information. (AR 23.) In this area, the ALJ found plaintiff had no limitation. The next functional area considered was interactions with others. The ALJ found plaintiff had a mild limitation in this area. He then considered the third functional area – concentrating, persisting, or maintaining pace – and found plaintiff had a mild limitation here. Lastly, the ALJ considered whether plaintiff had any limitation with respect to adapting or managing herself and found she did not. (*Id.*)

Plaintiff contends the ALJ's finding that plaintiff's depression was not severe is not supported by substantial evidence because the AR does not include an evaluation by a medical professional as to the impact of plaintiff's mental condition on her RFC. (Doc. No. 13-1, pp. 3-6.) The pivotal issue, thus, is whether the ALJ should have developed the AR further, i.e. by requesting additional information from her treating physicians or obtaining a consultative examination to assess plaintiff's depression, before concluding plaintiff's condition was not severe.

As the claimant, plaintiff bore the burden of proving her depression caused functional limitations that impaired her ability to work. *See Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1998) ("At all times, the burden is on the claimant to establish her entitlement to disability insurance benefits"); *Edlund v. Massanari*, 253 F.3d 1152, 1159–60 (9th Cir. 2001) (The claimant bears the burden to show that her impairment or symptoms affect her ability to "perform basic work activities."); *Leitner*, 361 Fed. App'x. at 877 (unpublished) (holding ALJ had no duty to order consultative mental status examination because claimant, not the agency, "bears the burden" to establish severity of symptoms); *Lasich v. Astrue*, 252 Fed. App'x. 823, 825 (9th Cir. 2007) (unpublished) (affirming finding depression was not severe because claimant "provided little evidence of significant psychiatric or psychological findings demonstrating severe mental impairment and had not been regularly treated by a licensed psychologist or psychiatrist or received regular mental health counseling or therapy").

Plaintiff established through the submission of her medical records that she had been diagnosed with major depressive order, however, she did not provide any evidence that her depression caused functional limitations such that it impeded her ability to perform basic work activities. The existence of an impairment alone does not establish disability—a claimant must also present evidence showing the impairment resulted in functional limitations. *See Leddy v. Berryhill*, 702 Fed. App'x. 647, 648 (9th Cir. 2017) (unpublished) ("The existence of a mental impairment alone does not establish functional limitation or disability"), *citing Matthews v. Shalala*, 10 F.3d 678, 680 (9th Cir. 1993); *Yanchar v. Berryhill*, 2017 WL 6547534, *2 (9th Cir. 2017) (unpublished) ("Although [claimant] points to evidence that she was diagnosed with depression, she does not identify any functional limitations stemming from these diagnoses that the ALJ failed to consider"). Here, plaintiff did not present evidence indicating she had functional limitations caused by her depression that impede her ability to perform basic work activities.

The lack of evidence regarding functional limitations caused by plaintiff's depression, however, did not trigger the ALJ's duty to develop the AR further. The ALJ has an independent "'duty to fully and fairly develop the record and to assure that the claimant's interests are considered.'" *Smolen v. Chater*, 80 F.3d 1273,1288 (9th. Cir. 1996.) (*quoting Brown v. Heckler*, 713 F.2d 441, 443 (9th Cir.1983)). This duty extends to claimants represented by counsel, as was the case here. The ALJ's duty to develop the record is triggered when the evidence is ambiguous, or the record is inadequate to allow for proper evaluation of the evidence. *Smolen*, 80 F.3d at 1288; *Armstrong v. Commissioner of Soc. Sec. Admin.*, 160 F.3d 587, 590 (9th Cir.1998). The ALJ may discharge this duty in several ways, including: subpoenaing the claimant's physicians, submitting questions to the claimant's physicians, continuing the hearing, or keeping the record open after the hearing to allow supplementation of the record. *Tidwell v. Apfel*, 161 F.3d 599, 602 (9th Cir.1998); *Smolen*, 80 F.3d at 1288.

Here, the AR is neither ambiguous, nor is it insufficient to evaluate the evidence pertaining to plaintiff's depression. As the ALJ correctly noted, plaintiff received very limited treatment for depression. (AR 23, *citing* AR 613.) Plaintiff's medical records reflect that although she has long been diagnosed as having major depression, she primarily sought treatment for her physical ailments and very seldom discussed any symptoms related to depression with her treating providers. (*See e.g.* AR 337, 332, 334, 310-313.) She reported "her mood [was] improved on medication," and obtained refills for her depression related prescriptions from her primary care physicians, instead of seeking psychiatric treatment. (*See e.g.* AR 337, 332, 334, 310-313.)

As noted by the ALJ, plaintiff's treating providers generally observed her to have normal insight and judgment, appropriate affect and euthymic mood, and mental status examinations showed that she generally presented as alert, oriented and fluent with speech. (*Id*., *citing* AR 329, 340, 608, *see also* 615, 643.) Additionally, screenings for depression and anxiety showed that plaintiff did not present with any significant symptoms. (AR 23, *citing* AR 613; *see also* AR 622, 635, 638, 667.) Furthermore, third-

6

party statements submitted by plaintiff's son and partner attributed her inability to perform any household chores to her physical ailments, and do not mention depression as being a limiting factor. (*Id*., *citing* AR 296, 297-298.) This evidence, namely plaintiff's normal mental-status examinations and scant mental-health treatment history, supports the conclusion that the AR was sufficiently developed for the ALJ to properly conclude that plaintiff's depression was not severe. *See Leitner v. Comm'r Soc. Sec*., 361 Fed. App'x. 876, 877 (9th Cir. 2010) (unpublished) (affirming finding that mental impairment was not severe based on lack of mental health treatment), *citing Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005).

### B. The ALJ Failed to Properly Evaluate Plaintiff's Subjective Complaints and Credibility

#### *1. Plaintiff's Subjective Symptom Testimony*

At the November 29, 2017 administrative hearing plaintiff, who was 56 years old at the time, testified she experiences foot and back pain, as well as depression. She has had back pain since around 2007. (AR 51.) She was diagnosed with Type 2 diabetes when she was 40, which has caused neuropathy in her feet and back. (*Id*. 44.)

She stopped working in 2013, mainly due to her physical condition but also due to her depression. (*Id*. 46, 65.) At the time her job required her to stand on her feet and to travel between locations, but she lost it because there were days she physically could not go to work. (*Id*.) Her physical condition and concern about finances due to her work performance, caused her to fall into a deep depression. (*Id*.) Prior to that she had a sedentary job. (*Id*. 50.) She said sitting for extended periods of time at her sedentary job worsened her back pain, and she would have to get up and walk around to alleviate the pain after sitting about 20-30 minutes. (*Id*.)

Since plaintiff stopped working in 2013, the pain in her feet, which she described as a sharp, stabbing, electric, and hot and cold sensation, has progressively gotten worse. (*Id*. 59.) She also has numbness from the knees down. (*Id*.)

In 2014, she woke up one morning to discover she couldn't feel sensation in her right leg, her "back and stuff" were in extreme pain, and she was unable to get out of bed on her own. (*Id*. 44, 51.) She had back surgery a few days later because the doctors were concerned she would permanently lose sensation in her leg. (*Id*.) She did not think the surgery helped. (*Id*. 58, 60-61.) It relieved her immediate pain but the numbness and stiffness she experiences has gotten worse. (*Id*. 61.)

She stated she suffers from foot and back pain 24/7 and typically lays in bed most of the day. (*Id*. 44, 53, 63.) She is unable to cook, clean or perform household chores so her 28 year old son, who lives with her, performs all those tasks. (*Id*. 52, 58-59, 62.) She sometimes does not leave her apartment, which can only be reached by climbing four sets of stairs, for months at a time. (*Id*. 53.) On a good day, she is able to use the stairs, while holding the handrail. (*Id*. 53-54.) She is only able to drive on good days, due to the numbness in her lower legs, so her mother typically drives her. (*Id*. 54.) In 2015, her mother took her on a two-week trip to Japan to see relatives. (*Id*. 56.) While there she used a wheelchair for mobility. (*Id*.)

Her feet are extremely sensitive, to the point that she rarely wears shoes and when she does, she wears only a slipper. (*Id*. 60.) When she walks, she is unsteady on her feet due to the numbness in her lower legs and there are often days when she can't walk at all and has to stay in bed. (*Id*. 43, 60.) She can only stand for 5-10 minutes due to the pain in her feet and back. (*Id*. 63.) She also experiences pain, muscle spasms and toe cramping when she lies down. (*Id*. 44.)

Plaintiff's neuropathy is treated with epidural injections every few months; she also wears Qutenza patches on her feet and takes Oxycodone and several other medications for breakthrough pain. (*Id*. 43-44, 55, 61.) The injections help a little bit. The Qutenza patches provide her about 12 hours of relief in a 48 hour period so she tries to time the 12 hour period of relief to coincide with an event that requires her to leave the house, such as a doctor's appointment. (*Id*. 57.) Even on a good day, she can only be on

her feet for a half hour. (*Id*. 58.) The pain and effects of the pain medication she takes affect her ability to concentrate and she is often forgetful and foggy. (*Id*. 61-62.)

### 2. *Analysis*

Plaintiff contends the ALJ erred in assessing her credibility and in failing to fully accept her testimony regarding her subjective symptoms. (Doc. No. 13-1, pp. 7-10.) The ALJ found that while plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, her statements concerning the intensity, persistence and limiting effects of these symptoms were "not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." (AR 24.) The ALJ's decision, however, sets forth no such reasons, nor does it identify which of plaintiff's statements were discounted or rejected. Instead, the ALJ sets forth a summary of the medical evidence and medical opinions. (*Id*.)

The law is well established in this Circuit that, where the claimant has produced objective medical evidence of an impairment or impairments which could reasonably be expected to produce some degree of pain and/or other symptoms, and the record is devoid of any affirmative evidence of malingering, the ALJ may reject the claimant's testimony regarding the severity of the claimant's pain and/or other symptoms only if the ALJ makes specific findings stating clear and convincing reasons for doing so. *See, e.g., Brown-Hunter v. Colvin*, 806 F.3d 487, 488-89 (9th Cir. 2015); *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009); *Bunnell v. Sullivan*, 947 F.2d 341, 343 (9th Cir. 1991); *Cotton v. Bowen*, 799 F.2d 1403, 1407 (9th Cir. 1986). Since the ALJ did not make an express finding of malingering or cite any evidence of malingering, the issue before the Court is whether the provided reasons for his adverse credibility determination satisfy the standard set forth above. *See Vasquez*, 572 F.3d at 592 ("clear and convincing' standard applies where ALJ did not cite any evidence of malingering); *Robbins v. Social Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006) ("[U]nless an ALJ makes a finding of malingering based on affirmative evidence thereof, he or she may only find an applicant

not credible by making specific findings as to credibility and stating clear and convincing reasons for each.").

The Court concurs with plaintiff that the answer is no. The ALJ's general statement regarding plaintiff's credibility cited above was not sufficient. It was incumbent on the ALJ to state specifically which symptom testimony was not credible and what facts or evidence in the record supported that conclusion, which he did not do. *See Brown-Hunter*, 806 F.3d at 489, 493, 494; *see also, e.g., Burrell v. Colvin*, 775 F.3d 1133, 1138 (9th Cir. 2014); *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998); *Smolen*, 80 F.3d at 1284; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). Simply setting forth the ALJ's credibility conclusion and a summary of the medical evidence is not a sufficient explanation in this Circuit. *Brown-Hunter*, 806 F.3d at 493-494. It is not the Court's function to comb the AR for specific conflicts or inconsistencies between plaintiff's subjective symptom testimony and the medical evidence and other evidence of record. *Brown-Hunter*, 806 F.3d at 494; *Burrell,* 775 F.3d at 1138.[2]

Furthermore, while an inconsistency between plaintiff's testimony and the objective medical evidence of record may constitute a reason upon which the ALJ could properly rely in support of his adverse credibility determination, *see Morgan v. Comm'r of Soc. Sec.*, 169 F.3d 595, 600 (9th Cir. 1999), it cannot constitute the sole reason supporting the adverse credibility determination. *See Reddick*, 157 F.3d at 722 ("[T]he Commissioner may not discredit the claimant's testimony as to the severity of symptoms merely because they are unsupported by objective medical evidence." (*citing Bunnell*, 947 F.2d at 343; *see also Light v. Soc. Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997) (holding that "a finding that the claimant lacks credibility cannot be premised wholly on a lack of medical support for the severity of his pain"). Here, while ALJ did not set forth

---

[2] The Commissioner contends the ALJ's discounting of plaintiff's subjective symptom testimony was predicated on medical evidence and plaintiff's self-reported activities of daily living. (Doc. 14-1, pp. 7-10.) The Court is unable to consider the reasons now proffered by the Commissioner, as they are not reasons given by the ALJ. *See Cornett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003)

any reason for discounting plaintiff's subjective symptom testimony, to the extent his summary of the medical evidence could be construed as the reason, this is insufficient.

### 3. *Remand is Appropriate*

The law is well established that the decision whether to remand for further proceedings or simply to award benefits is within the discretion of the Court. *See, e.g., Salvador v. Sullivan*, 917 F.2d 13, 15 (9th Cir. 1990); *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989); *Lewin v. Schweiker*, 654 F.2d 631, 635 (9th Cir. 1981). Remand is warranted where additional administrative proceedings could remedy defects in the decision. *See, e.g., Kail v. Heckler*, 722 F.2d 1496, 1497 (9th Cir. 1984); *Lewin*, 654 F.2d at 635. Remand for the payment of benefits is appropriate where no useful purpose would be served by further administrative proceedings, *Kornock v. Harris*, 648 F.2d 525, 527 (9th Cir. 1980); where the record has been fully developed, *Hoffman v. Heckler*, 785 F.2d 1423, 1425 (9th Cir. 1986); or where remand would unnecessarily delay the receipt of benefits to which the disabled plaintiff is entitled, *Bilby v. Schweiker*, 762 F.2d 716, 719 (9th Cir. 1985).

Where, as here, a claimant contends she is entitled to an award of benefits because of an ALJ's failure to properly consider her subjective symptom testimony, the Court applies a three-step framework. First, the Court asks whether the ALJ failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion. Second, the Court determines whether the record has been fully developed, whether there are outstanding issues that must be resolved before a determination of disability can be made, and whether further administrative proceedings would be useful. Third, if the Court concludes that no outstanding issues remain, and further proceedings would not be useful, the Court may find the relevant testimony credible as a matter of law and then determine whether the record, taken as a whole, leaves "not the slightest uncertainty as to the outcome of the proceeding." Only when all three elements are satisfied does a case raise the "rare circumstances" that allow the Court to exercise its discretion to remand for an award of benefits. *See Treichler v. Comm'r of Soc. Sec.*

*Admin.*, 775 F.3d 1090, 1099-1102 (9th Cir. 2014). However, as the Ninth Circuit subsequently observed in *Dominguez v. Colvin*, 808 F.3d 403, 407-08 (9th Cir. 2015) (internal citations and quotation marks omitted):

> "A district court is generally not required to exercise such discretion.... District courts retain flexibility in determining the appropriate remedy, and a reviewing court is not required to credit a claimant's allegations regarding the extent of their impairments as true merely because the ALJ made a legal error in discrediting their testimony. In particular, we may remand on an open record for further proceedings when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act."

Here, further proceedings are necessary here because while medical evidence contradicts plaintiff's testimony of disabling pain symptoms, the ALJ failed to specifically identify which subjective symptom testimony he found not credible and or explain which specific evidence contradicted that testimony. Without this information, the ALJ's decision leaves the Court with no basis to review whether his conclusion was supported by substantial evidence, or to understand how his determination influenced his RFC determination. Furthermore, the vocational expert opined that an individual with the physical limitations to which plaintiff had testified would not be able to sustain any jobs in the national economy.

## VI. CONCLUSION

In sum, there are significant factual conflicts in the AR that should be resolved through further proceedings before a proper disability determination can be made. *See Treichler*, 775 F.3d at 1101, 1106-1107 ("Where this is conflicting evidence, and not all essential factual issues have been resolved, a remand for an award of benefits is

//
//
//
//

inappropriate."); *See also Burrell*, 775 F.3d at 1141-1142. Therefore, the case is hereby remanded to the Commissioner for further proceedings, consistent with this Order.

**IT IS SO ORDERED.**

Dated: January 27, 2020

Hon. Karen S. Crawford
United States Magistrate Judge